THE ROBERT H., Inc., v. THE
SOCONY NO. 19.

THE SOCONY NO. 20.

No. 223, Docket 20531.

Circuit Court of Appeals, Second Circuit.
May 29, 1947.

John W. Knox, of New York City, for appellant.

Purdy & Lamb, of New York City (Edmund F. Lamb, of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND and FRANK, Circuit Judges.

PER CURIAM.

This litigation involves a collision at night in Newtown Creek between the outbound tug Marmor, which had a light oil barge in tow on its starboard side, and the inbound laden oil barge Socony No. 88 in tow on the starboard side of Socony tug No. 19, with tug No. 20, made fast by two lines to the stern of the barge, tailing behind with engines stopped. Just after the Marmor had passed through the Greenpoint Avenue drawbridge, the flotillas exchanged signals for a port to port passage which they attempted but failed to execute. The collision occurred between 450 to 600 feet northerly of the drawbridge, the port side forward of amidships of the Marmor colliding with the port bow of the No. 88 at an angle of about 30 degrees and causing such damage to the Marmor that she quickly filled and sank. The district judge wrote an opinion and made detailed findings of fact from which he concluded that there were faults in the navigation of both flotillas.

The Marmor, after passing through the drawbridge and being then somewhat on her own port side of the channel, headed to her right, shortly thereafter stopped her engine and "drifted somewhat sideways to the thread of the Creek," and when but a short distance from the bow of the 88 reversed her engine, the effect of which was to pull her bow to port and against the port bow of the barge. While the Marmor was thus drifting sidewise toward the barge, she was out of sight of the master of the tug No. 19 because of structure on the forecastle head of the barge blocked his vision. The mate of the No. 19 was stationed as lookout on the forecastle head but he gave no warning until the Marmor was within less than 50 feet of the bow of the barge, when he called to the master of tug No. 19 to reverse the engines. This was not a timely warning. An inefficient lookout is no better than no lookout.

This appeal raises only questions of fact. As usual each party contends that the other was solely at fault, but it is futile to expect this court to retry issues of fact when the witnesses have been seen and heard by the trial judge. The findings he has made are not shown to be "clearly erroneous." On those findings both parties were properly held at fault.

Judgment affirmed.